## Lenahan v. McNelis

*Thomas F. Farrell* and *Frank A. McGuigan*, for plaintiff.

*Jenkins, Turner & Jenkins*, for defendant.

VALENTINE, J., April 15, 1936. — This is a suit by plaintiff, an attorney at law, for professional services. The statement sets forth:

"3. On or about January 2, 1930, the defendant personally engaged the plaintiff as her personal counsel.

"4. From said date to October 3, 1935, the plaintiff has continued to act as attorney for the defendant and has frequently been called upon to consult with the defendant during said period.

"5. During said period of his employment, the plaintiff, at defendant's special instance and request, has had more than one hundred consultations on legal matters with the defendant, in the City of Wilkes-Barre and in New York City, for which plaintiff claims the sum of twenty-five hundred dollars."

Plaintiff also claims an additional sum of $250 for expenses incurred in the making of telephone calls, traveling from Wilkes-Barre to New York, etc.

We think it clear that defendant has the right to be informed as to the amounts expended, the approximate time when the payments were made, and the person to whom they were paid: Bechman v. The Hershey Creamery Co., etc., 30 Dauph. 399. A lawyer is not to be "paid as a porter or a shoemaker": Gibson, C. J., in Kentucky Bank v. Combs, 7 Pa. 543. Nor is he obliged to set forth his claim as if the suit were upon a book account, or inform defendant as to matters of evidence.

We think that the approximate time consumed in the various conferences referred to in the statement of claim should be set forth: Linn v. County of Washington, 9 Wash. Co. 21; and that, in a general way, the subject matter of the conferences, or the transactions to which they related, should be designated. This feature of plaintiff's claim was disclosed in the statement filed in Bechman v. The Hershey Creamery Co., etc., supra, relied upon by defendant.

Rule absolute, and plaintiff is directed within 15 days from this date to file an amended statement of claim in compliance with the requirements hereof.